THOMAS, Justice.
Daisy Booker filed a bill, in which she named L. L. Richardson, curator and administrator of the estate of William Berry, defendant, asking for a decree declaring her to be entitled to a fund of $12,700, part of the money received by decedent two days before his death from the sale of his property.
The prayer was based on allegations we will now condense. The appellee had resided with Berry from some time in the year 1948 until he died 16 October 1953, at the age of seventy-four years. All that time Berry was suffering from the infirmities and maladies of age and needed the services such as appellee gave him. Four months before he died, Berry entered the negotiations, for the sale of his home, that were concluded but two days before his death. Of the purchase price of approximately $14,700, all of which he demanded that the purchasers pay in cash, he gave to appellee $12,700, “freely and voluntarily,” as evidence of gratitude for about five years of devoted service. The gift was made in the presence of four witnesses. A day or two after Berry’s death, his two daughters, residents of New York, who had been conspicuously neglectful of their father, appeared and had appellant appointed “as Curator and/or Administrator” of Berry’s estate and thereupon appellant laid claim to the money. So much for the bill.
The appellant took issue with all material averments of the bill and charged that Berry was incapable of making the gift because of his deteriorated mental and physical condition. In a counterclaim he sought a delivery to him of not only the amount appellee possessed but also of the amount of $2,000, the remainder of the price paid by the purchasers of Berry’s property.
The elements of a gift causa mortis have often been expounded and there is no reason now to repeat them. When the appellee filed her bill she assumed the burden of proving the gift to her from Berry by clear and convincing evidence because of the confidential relationship that existed between them, Washington Loan & Trust Co. v. Hutchinson, 107 Fla. 69, 144 So. 343, and because the donor had died.
The master found that she met the burden, the chancellor approved his finding, and we now join them in their conclusion by affirming the decree on that score.
It was asserted by the appellee in her brief that it was “an undisputed fact that the appellee voluntarily came forth and presented the money to her attorneys and asked that her rights be declared.” This representation influenced us to some extent, in concluding that the master and chancellor correctly decided the two phases of the controversy. But even without such statement, we would affirm the decree.
Inasmuch as the appellant asked in the counterclaim for the return of the whole amount, including the $2,000 which appellee did not claim, the burden of showing that she wrongly retained that sum was appellant’s and we think he failed to carry it. This money seems to have disappeared but there was no definite evidence that it disappeared into appellee’s pocketbook.
When Berry received the money he cached it under his mattress and from that hiding place it was taken when he made the gift to appellee. Just there the story related by the witnesses ended without the master having received any reliable information about the disposal of the rest of the money. At least four persons besides appellant were there and thereabouts and there was no attempt to have them explain the disappearance of the remainder of the fund.
No genuine effort was made to trace the balance of the fund and circumstances developed in the testimony, about the ap-pellee and a companion having later pur *463 chased an automobile and making a first payment of $2,000, amounted to little more than suspicion. There was no testimony of sufficient substance to support a recommendation that the appellee be charged with the sum, especially when the testimony was measured by her forthright conduct in bringing the much larger part of the purchase price into court to abide a decision of its ownership.
The decree is
Affirmed.
ROBERTS, C. J., and HOBSON and DREW, JJ., concur.